DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joshua Meese, appeals from a judgment of the Summit County Court of Common Pleas which adjudicated him a sexual predator. We affirm.
 I. {¶ 2} On April 15, 2001, a grand jury indicted Meese on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The charges arose from allegations that Meese molested his six-year-old nephew. Ultimately, Meese pled guilty to a charge of sexual battery in violation of R.C. 2907.03(A)(2), a felony of the third degree. Prior to sentencing, the trial court, in a October 30, 2002 judgment entry, ordered a pre-sentence investigation, a referral to a psycho-diagnostic clinic for a sentencing recommendation, an evaluation for placement into a placement program for mentally retarded offenders, and a referral to the County Board of Mental Retardation for treatment options. The trial court conducted a sentencing hearing on November 12, 2002. Reports generated as a result of the October 30, 2002 order were before the court at the hearing. At the same hearing, the trial court also adjudicated Meese a sexual predator. Meese appeals the sexual predator designation.
 II. Assignment of Error No. 1
"The State Did Not Produce Sufficient Evidence To Prove By Clear And Convincing Evidence That [Meese] Is A Sexual Predator."
 Assignment of Error No. 2
"The Court Erred When It Found Meese A Sexual [Predator] Against The Manifest Weight Of The Evidence."
 {¶ 3} In his assignments of error, Meese claims that the state did not prove by clear and convincing evidence that he pled guilty to a sexually oriented offense or that he is likely to reoffend. Further, Meese contends that the court did not consider the factors which weigh in his favor, including and especially his mental capacities. These arguments have no merit.
 {¶ 4} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). "In making a determination * * * as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's or delinquent child's age;
"(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
"(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
"(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender or delinquent child;
"(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." R.C. 2950.09(B)(3).
 {¶ 5} In order for a sexual offender to be labeled a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to be a repeat sexual offender in the future. Statev. Eppinger (2001), 91 Ohio St.3d 158, 163. The standard of clear and convincing evidence requires a degree of proof that produces a firm belief or conviction as to the allegations sought to be established. Id. at 164. "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard." State v.Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6, appeal not allowed, 98 Ohio St.3d 1540, 2003-Ohio-1946. "On appeal, this court must review whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator." State v.Royston (Dec. 15, 1999), 9th Dist. No. 19182, at 20, appeal not allowed (2000), 88 Ohio St.3d 1481.
 {¶ 6} The record from the trial court contains a judgment entry which states,
"The Court finds that the Defendant, heretofore on October 18, 2002 pled GUILTY to SEXUAL BATTERY, as contained in the amended Count 1 of the Indictment, Ohio Revised Code Section 2907.03(A)(2), a felony of the 3rd degree, which offense occurred on or about April 6, 2002, which plea was accepted by the Court."
"`Sexually oriented offense' means[:]
"(1) Any of the following violations or offenses committed by a person eighteen years of age or older:
"(a) Regardless of the age of the victim of the offense, a violation of section * * * 2907.03 * * * of the Revised Code[.]" R.C. 2950.01(D).
 {¶ 7} Because Meese was convicted of an offense in violation of R.C. 2907.03, he has been convicted of a sexually oriented offense.
 {¶ 8} As to Meese's likelihood to re-offend, the transcript from the hearing demonstrates that the trial court considered a presentence investigation, a mitigation report from a psycho-diagnostic clinic, a competency evaluation, and a sanity evaluation. The reports indicated that Meese had engaged in prior sexual offenses against family members, including past encounters with the victim in this case, a rape committed against an eight-year-old relative of Meese, and requests from Meese to his sister, the mother of the victim in this case, to have sex with him. The trial court stated, "Even more importantly, the report set forth in great detail information with regard to the defendant's high risk of reoffending * * * if he's placed in a structured environment with any access to children[.]" The trial court further stated that the age of the victim, Meese's disability, and the nature of the offense were considered and those items indicated that a sexual predator designation was warranted. This Court notes that contained within the various reports mentioned by the trial court are Meese's own statements that he cannot control his sexual urges.
 {¶ 9} In the sentencing order, the trial court found "that the crime committed was exacerbated by:
"(1) The offender's age;
"(2) The victim's age;
"(3) The nature of the offense;
"(4) The nature of the conduct of the offender;
"(5) The offender's mental state."
 {¶ 10} Considering all the information available to the trial court in this matter, we find that the evidence presented at the hearing was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator.
 {¶ 11} Meese's assignments of error are overruled.
 III. {¶ 12} Meese's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
WILLIAM R. BAIRD, WHITMORE, J., BATCHELDER, J. CONCUR